UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE LOUIS C. TRIMBLE,

Plaintiff.

.

Case No. 20-09417 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for conditions of confinement with respect to the COVID-19 pandemic.[1] Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

---

[1] The matter was reassigned to this Court on February 9, 2021. Dkt. Nos. 9, 10.

1  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

2  upon which relief may be granted or seek monetary relief from a defendant who is immune

3  from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally

4  construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6  elements: (1) that a right secured by the Constitution or laws of the United States was

7  violated, and (2) that the alleged violation was committed by a person acting under the

8  color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

9  **B.** **Plaintiff's Claims**

10     Plaintiff claims that after his cellmate tested positive for COVID-19 in August

11  2020, the cellmate was not removed but remained housed with Plaintiff. Dkt. No. 1 at 3.

12  Plaintiff claims that ten days later, he also tested positive for COVID-19. *Id.* He was then

13  placed on lock down. *Id.* Plaintiff seeks damages or release from prison. *Id.*

14     It appears that Plaintiff is attempting to allege that the prison acted wrongly in

15  continuing to keep him housed with a cellmate who tested positive for COVID-19, which

16  resulted in him also contracting the virus. However, there are several deficiencies with this

17  complaint. First of all, it is unclear where these events took place. Plaintiff indicates that

18  he is currently at San Quentin State Prison ("SQSP"), but it is unclear whether the

19  underlying incident that took place four months before he filed this action occurred at

20  SQSP. Dkt. No. 1 at 1-2. Furthermore, Plaintiff names no defendant or describes the

21  actions of any individual prison employee or state actor who is liable for his injuries. *Id.* at

22  2. Moreover, Plaintiff states that "there is no grievance at this prison" with respect to the

23  exhaustion of administrative remedies. *Id.* at 1. However, SQSP has a grievance

24  procedure in place which Plaintiff must utilize before bringing suit in this Court. Lastly,

25  Plaintiff seeks his immediate release from prison as a form of relief but fails to allege on

26  what basis such relief may be granted. Furthermore, § 1983 action is not the appropriate

27  avenue for challenging his confinement. Rather, habeas is the "exclusive remedy" for the

28

1  prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v.*
2  *Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82
3  (2005)). Plaintiff cannot obtain such relief through a § 1983 action.

4  Plaintiff shall be granted leave to amend to attempt to allege sufficient facts to state
5  a cognizable § 1983 claim. In doing so, he should keep the following legal principles in
6  mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff
7  can show that the defendant proximately caused the deprivation of a federally protected
8  right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*,
9  664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right
10 within the meaning of section 1983 if he does an affirmative act, participates in another's
11 affirmative act or omits to perform an act which he is legally required to do, that causes the
12 deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

13 The Constitution does not mandate comfortable prisons, but neither does it permit
14 inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a
15 prisoner receives in prison and the conditions under which he is confined are subject to
16 scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993).
17 In its prohibition of "cruel and unusual punishment," the Eighth Amendment places
18 restraints on prison officials, who may not, for example, use excessive force against
19 prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Amendment also
20 imposes duties on these officials, who must provide all prisoners with the basic necessities
21 of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See*
22 *Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S.
23 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison
24 official violates the Eighth Amendment when two requirements are met: (1) the
25 deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834
26 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a
27 sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id.* (citing

28

*Wilson*, 501 U.S. at 297); *LeMaire v. Maas*s, 12 F.3d 1444, 1451 (9th Cir. 1993).

Lastly, with respect to the exhaustion of administrative remedies, Plaintiff is advised that he must have exhausted any claims he wishes to raise in this Court *before* filing suit. *See* 42 U.S.C. § 1997e(a). Even if he successfully amends to state a cognizable claim against a state actor, the claims may be subject to dismissal for failure to exhaust. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 20-09417 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.  Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

3.  The Clerk shall include two copies of the court's **complaint** with a copy of

this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:  __April 28, 2021_____**

BETH LABSON FREEMAN
United States District Judge