UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LOUIS C. TRIMBLE,<br>Plaintiff. | Case No. 20-09417 BLF (PR)<br>**ORDER OF DISMISSAL** |

Plaintiff, a state inmate at San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for conditions of confinement with respect to the COVID-19 pandemic. Dkt. No. 1. The Court dismissed the complaint with leave to amend to correct various pleading deficiencies. Dkt. No. 12. Plaintiff filed an amended complaint. Dkt. No. 21.

**DISCUSSION**

A.   **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

In the original complaint, Plaintiff claimed that after his cellmate tested positive for COVID-19 in August 2020, the cellmate was not removed but remained housed with Plaintiff. Dkt. No. 1 at 3. Plaintiff claims that ten days later, he also tested positive for COVID-19. *Id.* He was then placed on lock down. *Id.* Plaintiff sought damages or release from prison. *Id.*

In dismissing the complaint with leave to amend, the Court advised Plaintiff that his pleading was deficient because it was unclear where the events took place and he failed to name any defendant or describe anyone's actions that resulted in his injuries. Dkt. No. 12 at 2. Furthermore, although Plaintiff indicated that "there is no grievance at this prison" with respect to the exhaustion of administrative remedies, the Court advised him that SQSP has a grievance procedure in place which Plaintiff must utilize before bringing suit in this Court. *Id.* Lastly, the Court advised Plaintiff that he could not obtain immediate release from prison through a § 1983 action, and that habeas was the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Id.* at 2-3, citing *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)).

In the amended complaint, Plaintiff now claims that around June 2020, he tested positive for the virus and that his cell mate also had it. Dkt. No. 21 at 2. Plaintiff claims that he asked for one of them to be moved, and that Officer Dollyworth informed him that

2

there "was no movement at that time." *Id.* at 3. Plaintiff claims Officer Dollyworth would not move him or his cell mate until he got "really sick." *Id.* at 4. By that time it was August 2020, at which point he was moved to the "tents outside" where they had about 80 sick people. *Id.* at 3. Plaintiff claims he "thought [he] was gonna die," and that he's lost about 40 pounds. *Id.* He seeks release from prison and "some money." *Id.*

        Plaintiff has failed to correct the deficiencies from the original complaint. Even if the Court assumes that the underlying events took place at SQSP where Plaintiff is currently confined, he fails to name even a single defendant in this action. Furthermore, although Plaintiff names Officer Dollyworth in his statement of claim, there is no allegation that Officer Dollyworth's actions resulted in the deprivation of a constitutional right.[1] *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). As before, Plaintiff requests his "freedom," i.e., release from prison, which he was already advised is not available through a § 1983 action. Lastly, Plaintiff again indicates that "there is no grievance procedure," Dkt. No. 21 at 2, but this is simply not true.

        Plaintiff was already afforded one opportunity to amend, and the Court finds no good cause to grant him another opportunity where the amended complaint does not correct the deficiencies from the original. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, this action must be dismissed for failure to state a claim.

///

///

///

---

[1] Plaintiff was advised of the legal standard to establish an individual's liability under § 1983 and what was necessary to state an Eighth Amendment claim challenging conditions of confinement. Dkt. No. 12 at 3. Plaintiff has failed to plead sufficient facts to state a cognizable claim against anyone mentioned in the amended complaint.

# CONCLUSION

For the foregoing reasons, the amended complaint is **DISMISSED** with prejudice for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

Dated: ___April 7, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.20\09417Trimble_dism(ftsac)